IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW SOUTHALL BROWN, III, | : : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. : 1:05-CV-1454-JOF : |
| CHATTAHOOCHEE TECHNICAL COLLEGE and CALVIN EDDINS, | : : : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion to compel [16], amended motion to compel [17], and Defendants' motion for leave to file summary judgment out of time [20].

**I.   Background**

On June 2, 2005, Plaintiff filed suit alleging equal protection violations, violations of Title VI of the Civil Rights Act of 1964, and intentional infliction of emotional distress against Defendants, Chattahoochee Technical College and Calvin Eddins. After Defendants objected to certain interrogatories and document request, Plaintiff issued a deposition subpoena and subpoena duces tecum and served the documents on Defendants' counsel. On December 7, 2005, Plaintiff filed a motion to compel. Discovery ended on December 9, 2005. On December 21, Defendant filed an amended motion to compel. On February 8,

2006, Defendants filed a motion for summary judgment and a motion for leave to file Defendants' motion for summary judgment out of time.

**II.    Discussion**

Pursuant to the motion to compel, Plaintiff seeks information about other students enrolled in the Paramedic Technology Diploma Program.  Specifically, Plaintiff seeks an answer to his interrogatory asking Defendants to "[i]dentify each member of Plaintiff's class who was seeking a Paramedic Technology Diploma from you."  Moreover, Plaintiff seeks to compel the production of documents in response to Plaintiff's request for documents including:

1)   Class Audit for the Paramedic Technoloy Diploma class for which Plaintiff was a member.

2)   Any documents which list the members of Plaintiff's class.

3)   Any documents which show when you issued a Course Completion Certification to each member of Plaintiff's class.

4)   Any documents which show which classes each member of Plaintiff's class had actually finished in their entirety at the time that each such member received a Course Completion Certificate.

5)   For those members of Plaintiff's class who received a Course Completion Certificate even though they did not finish in their entirety all of the Courses required by you to obtain a diploma in Paramedic Technology, produce any documents which show which classes were not finished in their entirety at the time that each such person received their respective Course Completion Certificate.

. . . .

2

      14)    Any documents which identify the race of each member of Plaintiff's class.

Plaintiff also seeks attorney's fees associated with the motion to compel.

Defendants' objection to the interrogatory and each of the requests was merely that answering the interrogatory or document request "would be a violation of the Family Education Rights and Privacy Act (FERPA)." Further, in their response brief Defendants contend that the FERPA, 20 U.S.C. § 1232g, limits its ability to answer Plaintiff's questions without a court order or subpoena.

Congress passed FERPA to protect the privacy of students and their parents. FERPA conditions the receipt of federal funding by educational institutions on their compliance with procedures which allow access to records by students and parents while restricting access by other parties. Nevertheless under FERPA, an educational institution may release personally identifiable information contained in a student's records if the institution is subpoenaed. 20 U.S.C. § 1232g( b)(1)(J)(ii); *see also Victory Outreach Center v. City of Philadelphia*, 233 F.R.D. 419 n.1 (E.D. Pa. 2005). Plaintiff has served a subpoena on Defendants asking for exactly what they objected to providing pursuant to Plaintiff's interrogatories and requests for documents. Therefore, the court GRANTS Plaintiff's motions to compel. Defendants are directed to produce the relevant information and documents within ten (10) days of receipt of this order.

3

As Defendants have filed not motion for a protective order pursuant to Plaintiff's subpoena and as they have not furnished the information sought pursuant to Plaintiff's subpoena, Plaintiff was required to file a motion to compel.  Defendants have not provided this court with any justification, absent relying on the FERPA, for its refusal to provide the information sought by Plaintiff.  However as stated above under FERPA, an educational institution may release information contained in a student's records if the institution is subpoenaed, as is the case here.  Therefore, the court finds that Plaintiff is entitled to its attorney's fees associated with its motion to compel.  Plaintiff is directed to submit to Defendants its attorney's fees and costs associated with Plaintiff's motion to compel within ten (10) days.

The court GRANTS Defendants' motion for leave to file Defendants' motion for summary judgment out of time.  Plaintiff is to respond to Defendants' motion for summary judgment within twenty (20) days from the receipt of the discovery provided pursuant the motion to compel.

### III.   Conclusion

The court GRANTS Plaintiff's motion to compel [16], Plaintiff's amended motion to compel [17], and Defendants' motion for leave to file summary judgment out of time [20]. Defendants are directed to produce the relevant information and documents within ten (10) days of receipt of this order.  Plaintiff is directed to submit to Defendant its attorney's fees and costs associated with Plaintiff's motion to compel within ten (10) days.  Plaintiff is to

4

respond to Defendants' motion for summary judgment within twenty (20) days from the receipt of the discovery provided pursuant to the motion to compel.

**IT IS SO ORDERED** this 20th day of June 2006.

                                                s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)